United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 31, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30862
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

QUINCY O. GUILLORY,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-20062-ALL
---------------------

Before EMILIO M. GARZA, DEMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Quincy O. Guillory (Guillory) appeals his convictions for
one count of carjacking; two counts of using, carrying,
possessing, and brandishing a firearm during and in relation to a
crime of violence; two counts of possession of a firearm by a
convicted felon; and one count of bank robbery; violations of 18
U.S.C. §§ 2119, 2213(a) & (d), 922(g)(1), and 924(c)(1)(A)(ii).
Guillory contends that there was insufficient evidence presented
at trial to link him to the offenses.  He also asserts that the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in not ruling on his motion to suppress identification.

The district court's denial of a motion for judgment of acquittal is reviewed de novo. See United States v. Castaneda-Cantu, 20 F.3d 1325, 1330 (5th Cir. 1994). This court must affirm a jury verdict if, "viewing all the evidence and drawing all reasonable inferences in favor of the verdict, a reasonable trier of fact could find that the evidence establishes the guilt of the defendant beyond a reasonable doubt." See United States v. Rasco, 123 F.3d 222, 228 (5th Cir. 1997) (citations omitted).

The district court's decision whether to grant a new trial based on insufficiency of the evidence is reviewed for abuse of discretion. See United States v. Cooks, 52 F.3d 101, 103 (5th Cir. 1995). "A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant." See Rasco, 123 F.3d at 228 (citation and internal quotation marks omitted).

Considering all the evidence in the light most favorable to the verdict, there was sufficient evidence presented at trial to prove that Guillory was guilty of the offenses charged. Guillory's assertion that the district court did not rule on his motion to suppress identification is not supported by the record. The record reflects that the district court adopted the magistrate judge's recommendation and denied the motion. Guillory does not challenge the denial of his motion to suppress

identification on appeal, thus it is deemed abandoned. <u>See</u> <u>Yohey</u>
<u>v. Collins</u>, 985 F.2d 222, 224-225 (5th Cir. 1993).

AFFIRMED.